UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONDATIS LLC,

       Plaintiff,

vs.

ARCTURUS MARINE SYSTEMS INC. (d/b/a
"American Bow Thruster" and "ABT·TRAC"),
AUSTAL LIMITED, AUSTAL SHIPS PTY, LTD.,
AUSTAL USA LLC, OCEANFAST LLC, HALCYON
INTERNATIONAL PTY. LTD., INTELISEA LLC,
WESTPORT SHIPYARD, INC., NAUTIC CONTROL
SOLUTIONS LP, UNITED MARITIME GROUP, INC.,
NAIAD MARITIME GROUP, INC., NAIAD  DYNAMICS
US, INC, QUANTUM CONTROLS BV, QUANTUM
STABILIZERS, INC., QUANTUM MARINE
ENGINEERING INC. (d/b/a "Quantum Marine
Engineering of Florida, Inc."), ROLLS ROYCE NORTH
AMERICA HOLDINGS INC., ROLLS ROYCE PLC,
CHEOY LEE SHIPYARDS, LTD., CHEOY LEE
SHIPYARDS NORTH AMERICA, INC., CAMPER &
NICHOLSONS INTERNATIONAL, INC., RODRIGUEZ
GROUP S.A., HOLLAND AMERICA LINE, INC.,
HAL ANTILLEN N.V., HOLLAND AMERICA LINE,
N.V., NAVICO HOLDING A.S., NAVICO UK LTD.,
NAVICO INC., MYLES MARINE ELECTRONICS INC.,
FURUNO ELECTRIC CO., LTD., FURUNO U.S.A., INC.,
NEXUS MARINE AB, COMNAV MARINE LTD.,
YOKOGAWA ELECTRIC CORPORATION,
YOKOGAWA CORPORATION OF AMERICA,
YOKOGAWA DENSHIKIKI CO., LTD., EXPEDITION
PERFORMANCE SYSTEMS, LTD., SAMYUNG ENC CO.
LTD., ATLANTIC RADIO TELEPHONE INC.,

       Defendants.

_____/

**PLAINTIFF CONDATIS LLC'S**
**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff Condatis LLC ("Condatis"), by its undersigned counsel, files this Complaint

against Defendants Arcturus Marine Systems Inc. (d/b/a "American Bow Thruster" and

"ABT·TRAC"), Austal Limited, Austal Ships Pty, Ltd., Austal USA LLC, Oceanfast LLC,
Halcyon International Pty. Ltd., Intelisea LLC, Westport Shipyard, Inc., Nautic Control
Solutions LP, United Maritime Group, Inc., Naiad Maritime Group, Inc., Naiad Dynamics US,
Inc, Quantum Controls BV, Quantum Stabilizers, Inc., Quantum Marine Engineering Inc. (d/b/a
"Quantum Marine Engineering of Florida, Inc."), Rolls Royce North America Holdings Inc.,
Rolls Royce PLC, Cheoy Lee Shipyards, Ltd., Cheoy Lee Shipyards North America, Inc.,
Camper & Nicholsons International, Inc., Rodriguez Group S.A., Holland America Line, Inc.,
Hal Antillen N.V., Holland America Line, N.V., Navico Holding A.S., Navico UK Ltd., Navico
Inc., Myles Marine Electronics Inc., Furuno Electric Co., Ltd., Furuno U.S.A., Inc., Nexus
Marine AB, Comnav Marine Ltd., Yokogawa Electric Corporation, Yokogawa Corporation of
America, Yokogawa Denshikiki Co., Ltd., Expedition Performance Systems, Ltd., Samyung Enc
Co. Ltd., Atlantic Radio Telephone Inc. (collectively "Defendants") and for its complaint hereby
states and alleges as follows:

## THE PARTIES

1.      Plaintiff Condatis LLC is a limited liability company organized and existing
under the laws of the State of Maryland with its principal place of business at 8401 Connecticut
Avenue, Chevy Chase, MD 20815-5895.

2.      Upon information and belief, Defendant Arcturus Marine Systems Inc. (d/b/a
"American Bow Thruster" and "ABT·TRAC") is a corporation organized and existing under the
laws of California with its principal place of business at 1386 W. McNab Road, Fort Lauderdale,
FL 33309 and at 517 Martin Ave # A, Rohnert Park, CA  94928-2048.

3.      Upon information and belief, Defendant Austal Limited is a corporation
organized and existing under the laws of Australia with its principal place of business at Level 1,

6-8 Mews Road, Fremantle, 6160 Western Australia.  Upon information and belief, Defendant Austal Limited has significant contacts in the State of Florida and the Southern District of Florida including, upon information and belief, the in-person sale and offer for sale of infringing products at boat shows which were held in the State of Florida and the Southern District of Florida as well as conducting sales through its wholly-owned subsidiary, OceanFast LLC, a corporation organized and existing under the laws of Florida with its principal place of business at 1300 Southeast 17th Street Suite 219, Fort Lauderdale, FL 33316.

4.     Upon information and belief, Defendant Austal Ships Pty, Ltd. is a corporation organized and existing under the laws of Australia with its principal place of business at Level 1, 6-8 Mews Road, Fremantle, 6160 Western Australia.  Upon information and belief, Defendant Austal Ships Pty, Ltd. has significant contacts in the State of Florida and the Southern District of Florida including, upon information and belief, the in-person sale and offer for sale of infringing products at boat shows which were held in the State of Florida and the Southern District of Florida as well as conducting sales through its wholly-owned subsidiary, OceanFast LLC.

5.     Upon information and belief, Defendant Austal USA LLC is a corporation organized and existing under the laws of Alabama with its principal place of business at 100 Dunlap Drive, Mobile, AL, 36602.  Upon information and belief, Defendant Austal USA LLC has significant contacts in the State of Florida and the Southern District of Florida including, upon information and belief, the in-person sale and offer for sale of infringing products at boat shows which were held in the State of Florida and the Southern District of Florida as well as conducting sales through its wholly-owned subsidiary, OceanFast LLC.

6.     Upon information and belief, Defendant Oceanfast Pty. Ltd. is a corporation organized and existing under the laws of Australia with its principal place of business at 18

Clarence Beach Road Henderson 6166, Western Australia.  Upon information and belief, Defendant Oceanfast Pty.  Ltd. has significant contacts in the State of Florida and the Southern District of Florida including, upon information and belief, the in-person sale and offer for sale of infringing products at boat shows which were held in the State of Florida and the Southern District of Florida as well as conducting sales through its wholly-owned subsidiary, OceanFast LLC.

7.     Upon information and belief, Defendant Oceanfast LLC is a corporation organized and existing under the laws of Florida with its principal place of business at 1300 Southeast 17th Street Suite 219, Fort Lauderdale, FL 33316.  Collectively, Defendants Austal Limited, Austal Ships Pty, Ltd, Austal USA LLC, Oceanfast Pty. Ltd., and Oceanfast LLC are referred to herein as "Austal."

8.     Upon information and belief, Defendant Halcyon International Pty. Ltd. is a corporation organized and existing under the laws of Australia with its principal place of business at Level 1, 6-8 Mews Road, Fremantle, 6160 Western Australia.  Upon information and belief, Defendant Halcyon International Pty Ltd.  has significant contacts in the State of Florida and the Southern District of Florida through its relationship with the Austal Defendants.

9.     Upon information and belief, Defendant Intelisea LLC is a corporation organized and existing under the laws of California with its principal place of business at 601 Wald, Irvine, CA 92618.  Defendant Intelisea LLC has significant contacts in the State of Florida and the Southern District of Florida including, upon information and belief, the in-person sale and offer for sale of infringing products at boat shows which were held in the State of Florida and the Southern District of Florida.

10.     Upon information and belief, Defendant Westport Shipyard, Inc. is a corporation organized and existing under the laws of Washington with its principal place of business at 637 Marine Dr., Port Angeles, WA  98363-2231 and conducts sales through its Florida office located at 2957 State Road 84, Fort Lauderdale, Florida, 33312.

11.     Upon information and belief, Defendant Nautic Control Solutions LP is a corporation organized and existing under the laws of Texas with its principal place of business at 15534 West Hardy Road, Suite 100, Houston, TX 77060 and distributes its products to Florida through, at least, distributor Rio Marine Inc.

12.     Upon information and belief, Defendant United Maritime Group, Inc. is a corporation organized and existing under the laws of Florida with its principal place of business at 601 South Harbour Island Blvd., Tampa, FL 33602.  United Maritime Group operates United Ocean Services LLC, which in turn operates a U.S.-flag oceangoing fleet that uses infringing systems.

13.     Upon information and belief, Defendant U.S. United Ocean Services, LLC ("United Ocean Services, LLC") is a corporation organized and existing under the laws of Florida with its principal place of business at 601 South Harbour Island Blvd., Tampa, FL 33602. Defendants United Maritime Group and United Ocean Services, LLC are collectively referred to herein as "United."

14.     Upon information and belief, Defendant NAIAD Maritime Group, Inc. is a corporation organized and existing under the laws of Connecticut with its principal place of business at 50 Parrott Drive, Shelton, CT 06484, USA.

15.     Upon information and belief, Defendant NAIAD Dynamics US, Inc. is a corporation organized and existing under the laws of Florida with its principal place of business

at 3750 Hacienda Blvd., Suite A, Fort Lauderdale, FL 33314.  Collectively, Defendants NAIAD

Maritime Group, Inc. and NAIAD Dynamics US, Inc.  are referred to herein as "NAIAD."

16.     Upon information and belief, Defendant Quantum Controls BV is a corporation

organized and existing under the laws of the Netherlands with its principal place of business at

Industriestraat 5, 6361 HD Nuth, The Netherlands.

17.     Upon information and belief, Defendant Quantum Stabilizers, Inc. is a

corporation organized and existing under the laws of Florida with its principal place of business

at 3790 SW 30th Ave., Fort Lauderdale, FL 33312.

18.     Upon information and belief, Defendant Quantum Marine Engineering Inc. (d/b/a

"Quantum Marine Engineering of Florida, Inc.") is a corporation organized and existing under

the laws of Florida with its principal place of business at 3790 SW 30th Ave., Fort Lauderdale,

FL 33312.  Collectively, Defendants Quantum Controls BV and Quantum Stabilizers, Inc. and

Quantum Marine Engineering Inc. (d/b/a "Quantum Marine Engineering of Florida, Inc.") are

referred to herein as "Quantum."

19.     Upon information and belief, Defendant Rolls Royce North America Holdings

Inc. is a corporation organized and existing under the laws of Virginia with its principal place of

business at 1875 Explorer Street, Suite 200, Reston, VA  20190-6277.

20.     Upon information and belief, Defendant Rolls Royce PLC is a corporation

organized and existing under the laws of the United Kingdom with its principal place of business

at 65 Buckingham Gate, London SW1E 6AT, England.  Collectively, Defendants Rolls Royce

North America Holdings Inc. and Rolls Royce PLC are referred to herein as "Rolls Royce."

21.     Upon information and belief, Defendant Cheoy Lee Shipyards, Ltd. is a foreign business entity with its principal place of business at 89 & 91 Hing Wah Street, Kowloon, Hong Kong, Peoples Republic of China.

22.     Upon information and belief, Defendant Cheoy Lee Shipyards North America, Inc. is a corporation organized and existing under the laws of Florida with its principal place of business at Bahia Mar Yachting Center, 801 Seabreeze Boulevard, Fort Lauderdale, FL 33316. Collectively, Defendants Cheoy Lee Shipyards, Ltd. and Cheoy Lee Shipyards North America, Inc. are referred to herein as "Cheoy Lee."

23.     Upon information and belief, Defendant Camper & Nicholsons International, Inc. (d/b/a "Camper & Nicholsons USA, Inc.") is a corporation organized and existing under the laws of Florida with its principal place of business at 651 Seabreeze Blvd., Fort Lauderdale, FL 33316-1625 and additional sales offices located at 450 Royal Palm Way # 100, Palm Beach, FL 33480-4144. Upon information and belief, Defendant Camper & Nicholsons International, Inc. is wholly owned by Defendant Rodriguez Group S.A.

24.     Upon information and belief, Defendant Rodriguez Group S.A. is a foreign entity with its principal place of business at 105, Avenue Des Frères Roustan, 06220 Golfe-Juan, France. Upon information and belief, Defendant Rodriguez Group S.A. acquired Camper & Nicholsons International, Inc. in 2001. Collectively, Defendants Camper & Nicholsons International, Inc. and Rodriguez Group S.A. are referred to herein as "Camper & Nicholsons."

25.     Upon information and belief, Defendant Holland America Line, Inc. is a corporation organized and existing under the laws of Washington with a principal place of business at 300 Elliott Ave. West, Seattle, WA, 98119 and with locations in the Southern District of Florida, including at Port Everglades Pier 26, Fort Lauderdale, FL 33316. Upon information

and belief, Defendant Holland America Line, Inc. operates and maintains the cruise ship M .S. Oosterdam, a full-service cruise ship, which regularly and systematically docks at and embarks from Fort Lauderdale, Florida.

26.     Upon information and belief, Defendant HAL Antillen N.V., a Netherland Antilles corporation, owns the cruise ship M.S . Oosterdam, a full-service cruise ship, which regularly and systematically docks at and embarks from Fort Lauderdale, Florida.

27.     Upon information and belief, Defendant Holland America Line, N.V., a Netherland Antilles corporation, charters from HAL Antillen N.V., the cruise ship M.S. Oosterdam, a full-service cruise ship, which regularly and systematically docks at and embarks from Fort Lauderdale, Florida.  Collectively, Defendants Holland America Line, Inc., HAL Antillen N.V., and Holland America Line, N.V. will be referred to herein as "Holland America."

28.     Upon information and belief, Defendant Navico Holding A.S. is a corporation organized and existing under the laws of Norway with its principal place of business at Strandveien 18, Lysaker, N-132-7, Norway.  Defendant Navico Holding A.S. is a global manufacturer and distributor of marine electronics through its B&G brand.

29.     Upon information and belief, Defendant Navico UK Ltd. is a corporation organized and existing under the laws of the United Kingdom with its principal place of business at Premier Way, Abbey Park, Romsey, Hampshire, S051 9DH.  Defendant Navico UK Ltd. is a global manufacturer and distributor of marine electronics through its B&G brand, acting as the worldwide "B&G Head Office" according to B&G material.

30.     Upon information and belief, Navico Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business at 410 Amherst Street, Suite 110

Nashua, NH 03063.  Defendant Navico Inc. is a distributor of marine electronics through its B&G brand.

31.     Upon information and belief, Myles Marine Electronics Inc. is a corporation organized and existing under the laws of Florida with its principal place of business at 314 West Minnesota Ave., DeLand, FL 32720.  Defendant Myles Marine Electronics Inc. is a distributor of B&G products.  Collectively, Navico Holding A.S., Navico UK Ltd., Navico Inc., and Myles Marine Electronics Inc. will be referred to herein as "Navico."

32.     Upon information and belief, Defendant Furuno Electric Co., Ltd. is a corporation organized and existing under the laws of Japan with its principal place of business at 9-52 Ashihara-cho, Nishinomiya City, Hyogo Prefecture 662-8580, Japan.

33.     Upon information and belief, Defendant Furuno U.S.A., Inc. is a corporation organized and existing under the laws of Washington with its principal place of business at 4400 N.W. Pacific Rim Blvd., Camas, WA 98607.  Collectively, Furuno Electric Co., Ltd. and Furuno U.S.A., Inc. are referred to herein as "Furuno."

34.     Upon information and belief, Defendant Nexus Marine AB is a corporation organized and existing under the laws of Sweden with its principal place of business at P.O. Box 20052, Karlsbodavägen 20B, SE-161 02 Bromma, Sweden.

35.     Upon information and belief, Defendant Comnav Marine Ltd. is a corporation organized and existing under the laws of Canada with its principal place of business at #15 - 13511 Crestwood Place, Richmond, BC V6V 2G1.

36.     Upon information and belief, Defendant Yokogawa Electric Corporation is a corporation organized and existing under the laws of Japan with its principal place of business at 2-9-32, Nakacho 2-chome, Masashino, Tokyo, 180-8-750, Japan.

37.     Upon information and belief, Defendant Yokogawa Corporation of America is a corporation organized and existing under the laws of Georgia with its principal place of business at 2 Dart Road, Newnan, GA 30265.

38.     Upon information and belief, Defendant Yokogawa Denshikiki Co., Ltd. is a corporation organized and existing under the laws of Japan with its principal place of business at Minami Shinjuku Hoshino Bldg., 5-23-13 Sendagaya, Shibuya-ku, 151-0051, Japan. Collectively, Defendants Yokogawa Electric Corporation, Yokogawa Corporation of America, and Yokogawa Denshikiki Co., Ltd. are referred to herein as "Yokogawa."

39.     Upon information and belief, Defendant Expedition Performance Systems, Ltd. is a corporation organized and existing under the laws of New Zealand with its principal place of business at 81 Porritt Ave., Birkenhead, Auckland 0626, New Zealand.

40.     Upon information and belief, Defendant Samyung ENC Co. Ltd. is a corporation organized and existing under the laws of the Republic of Korea with its principal place of business at 1123-17, Dongsam-3-Dong, Youngdo-Gu, Busan, Republic of Korea.

41.     Upon information and belief, Defendant Atlantic Radio Telephone Inc. is a corporation organized and existing under the laws of Florida with its principal place of business at 2495 NW 35 Avenue, Miami, FL 33142.

## THE PATENTS-IN-SUIT

42.     United States Patent No. 4,843,575 (the "'575 patent"), entitled "Interactive Dynamic Real-Time Management System," was duly and lawfully issued on June 27, 1989, based upon an application filed by the inventor, Harold E. Crane.  A copy of the '575 patent is attached hereto as Exhibit "A."

43.     Condatis is the owner by assignment of the `575 patent and has the right to sue, and recover damages, for infringement thereof.

44.     United States Patent No. 5,450,321 (the "`321 patent"), entitled "Interactive Dynamic Real-Time Management System For Powered Vehicles," was duly and lawfully issued on September 12, 1995, based upon an application filed by the inventor, Harold E. Crane.  A copy of the '321 patent is attached hereto as Exhibit "B."

45.     Condatis is the owner by assignment of the `321 patent and has the right to sue, and recover damages, for infringement thereof.

46.     United States Patent No. 4,749,926 (the "`926 patent"), entitled "Automatic Trim Tab Control System," was duly and lawfully issued on June 7, 1988, based upon an application filed by the inventor, Robert J. Ontolchik.  A copy of the '926 patent is attached hereto as Exhibit "C."

47.     Condatis is the owner by assignment of the `926 patent and has the right to sue, and recover damages, for infringement thereof.

48.     United States Patent No. 6,308,649 (the "`649 patent"), entitled "Sailboat And Crew Performance Optimization System," was duly and lawfully issued on October 30, 2001, based upon an application filed by the inventor, Steven A. Gedeon.  A copy of the '649 patent is attached hereto as Exhibit "D."

49.     Condatis is the owner by assignment of the `649 patent and has the right to sue, and recover damages, for infringement thereof.

## <u>GENERAL ALLEGATIONS</u>

50.     This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35. U.S.C. §§ 271, 281, 283, 284 and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

51.     The Court has personal jurisdiction over each Defendant because:  each Defendant has minimum contacts within the State of Florida and the Southern District of Florida; each Defendant has purposefully availed itself of the privileges of conducting business in the State of Florida and the Southern District of Florida; each Defendant has sought protection and benefit from the laws of the State of Florida; and Plaintiff's causes of action arise directly from each Defendant's business contacts and other activities in the State of Florida and the Southern District of Florida.

52.     More specifically, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises its products and services in the United States, the State of Florida and the Southern District of Florida.  Upon information and belief, each Defendant has committed patent infringement in the State of Florida and in the Southern District of Florida; has contributed to patent infringement in the State of Florida and in the Southern District of Florida; and/or has induced others to commit patent infringement in the State of Florida and in the Southern District of Florida.

53.     Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I

## (PATENT INFRINGEMENT OF THE '575 AND/OR '321 PATENTS)

54.     Condatis repeats and incorporates the allegations contained in paragraphs 1 through 53 above as if fully set forth herein.

55.     Upon information and belief, during the relevant period, each Austal Defendant has infringed one or more claims of the `575 and `321 patents by making, using, importing, offering to sell and/or selling (directly or through intermediaries), in the Southern District of Florida and elsewhere in the United States, infringing products including the Austal "Marinelink" system.  Upon information and belief, during the relevant period, each Austal Defendant has also contributed to the infringement of one or more claims of the `575 and `321 patents, and/or actively induced others to infringe one or more claims of the `575 and `321 patents, in the Southern District of Florida and elsewhere in the United States.

56.     Upon information and belief, during the relevant period, Defendant Intelisea LLC has infringed one or more claims of the `575 and `321 patents by making, using, importing, offering to sell and/or selling (directly or through intermediaries), in the Southern District of Florida and elsewhere in the United States, infringing products including the AMC realtime monitoring systems.  Upon information and belief, during the relevant period, Defendant Intelisea LLC has also contributed to the infringement of one or more claims of the `575 and `321 patents, and/or actively induced others to infringe one or more claims of the `575 and `321 patents, in the Southern District of Florida and elsewhere in the United States.

57.     Upon information and belief, during the relevant period, Defendant Westport Shipyard, Inc. has infringed one or more claims of the `575 and `321 patents by making, using, importing, offering to sell and/or selling (directly or through intermediaries), in the Southern

District of Florida and elsewhere in the United States, ships that have infringing products including the AMC realtime monitoring systems from Intelisea.  Upon information and belief, during the relevant period, Defendant Westport Shipyard, Inc. has also contributed to the infringement of one or more claims of the `575 and `321 patents, and/or actively induced others to infringe one or more claims of the `575 and `321 patents, in the Southern District of Florida and elsewhere in the United States.

58.     Upon information and belief, during the relevant period, Defendant Nautic Control Solutions LP has infringed one or more claims of the `575 and `321 patents by making, using, importing, offering to sell and/or selling (directly or through intermediaries), in the Southern District of Florida and elsewhere in the United States, infringing products including the "Fueltrax" branded fuel monitoring systems.  Upon information and belief, during the relevant period, Nautic Control Solutions LP has also contributed to the infringement of one or more claims of the `575 and `321 patents, and/or actively induced others to infringe one or more claims of the `575 and `321 patents, in the Southern District of Florida and elsewhere in the United States.

59.     Upon information and belief, during the relevant period, the United Defendants have each infringed one or more claims of the `575 and `321 patents by using (directly or through intermediaries), in the Southern District of Florida and elsewhere in the United States, ships that have infringing products including the Fueltrax system from Defendant Nautic Control Solutions LP.

60.     Defendants have committed the foregoing infringing activities without license from Condatis.

## COUNT II

### (PATENT INFRINGEMENT OF THE '926 PATENT)

61.     Condatis repeats and incorporates the allegations contained in paragraphs 1 through 53 above as if fully set forth herein.

62.     Upon information and belief, during the relevant period, Defendant Arcturus Marine Systems Inc. has infringed one or more claims of the `926 patent by making, using, importing, offering to sell and/or selling (directly or through intermediaries), in the Southern District of Florida and elsewhere in the United States, infringing products including those known as "Trac Digital Stabilizers," "TracStar," and "InTRac."  Upon information and belief, Arcturus Marine Systems has also contributed to the infringement of one or more claims of the `926 patent, and/or actively induced others to infringe one or more claims of the `926 patent, in the Southern District of Florida and elsewhere in the United States.

63.     Upon information and belief, during the relevant period, Defendant Halcyon International Pty Ltd. has infringed (including under 35 U.S.C. § 271(f)) one or more claims of the `926 patent by importing, offering to sell and/or selling (directly or through intermediaries), in the Southern District of Florida and elsewhere in the United States, infringing products including those known as "Automatic motion control systems (HMC)," "T-Foils" systems, "Motion Control Interceptors" control systems, "Course Control Fins" control systems, "Roll Stabiliser Fin" control systems and "passenger comfort monitoring systems" – including as part of Halcyon's participation in the successful bid of Austal Ltd. and Austal USA LLC to import its control systems for use in the United States Navy Littoral Combat Ship.  Upon information and belief, Halcyon International Pty Ltd. has also contributed to the infringement of one or more

claims of the `926 patent, and/or actively induced others to infringe one or more claims of the `926 patent, in the Southern District of Florida and elsewhere in the United States.

64.     Upon information and belief, during the relevant period, each NAIAD Defendant has infringed one or more claims of the `926 patent by making, using, importing, offering to sell and/or selling (directly or through intermediaries), in the Southern District of Florida and elsewhere in the United States, infringing products including those product systems using the Datum and Multisea II controllers.  Upon information and belief, each NAIAD defendant has also contributed to the infringement of one or more claims of the `926 patent, and/or actively induced others to infringe one or more claims of the `926 patent, in the Southern District of Florida and elsewhere in the United States.

65.     Upon information and belief, during the relevant period, each Quantum Defendant has infringed one or more claims of the `926 patent by making, using, importing, offering to sell and/or selling (directly or through intermediaries), in the Southern District of Florida and elsewhere in the United States, infringing products including those product systems using the ACR3000, ARC3001, ARC3010 and ARCHER and ARROW systems.  Upon information and belief, each Quantum defendant has also contributed to the infringement of one or more claims of the `926 patent, and/or actively induced others to infringe one or more claims of the `926 patent, in the Southern District of Florida and elsewhere in the United States.

66.     Upon information and belief, during the relevant period, each Rolls Royce Defendant has infringed one or more claims of the `926 patent by using, importing, offering to sell and/or selling (directly or through intermediaries), in the Southern District of Florida and elsewhere in the United States, infringing products including those product systems using the "Neptune Retractable Stabilisers," "Stabilization-At-Rest," and "Acquarius stabilisers."  Upon

information and belief, each Rolls Royce defendant has also contributed to the infringement of one or more claims of the `926 patent, and/or actively induced others to infringe one or more claims of the `926 patent, in the Southern District of Florida and elsewhere in the United States.

67.     Upon information and belief, during the relevant period, each Austal Defendant has infringed one or more claims of the `926 patent by making, using, importing, offering to sell and/or selling (directly or through intermediaries), in the Southern District of Florida and elsewhere in the United States, infringing products including the Austal "Seastate" system and the Halcyon infringing systems.  Upon information and belief, each Austal defendant has also contributed to the infringement of one or more claims of the `926 patent, and/or actively induced others to infringe one or more claims of the `926 patent, in the Southern District of Florida and elsewhere in the United States.

68.     Upon information and belief, during the relevant period, each Cheoy Lee Defendants has infringed one or more claims of the `926 patent by making, using, importing, offering to sell and/or selling (directly or through intermediaries), in the Southern District of Florida and elsewhere in the United States, ships using infringing systems, including ships using the infringing systems supplied by Arcturus Marine Systems Inc.  Upon information and belief, each Cheoy Lee Defendant has also contributed to the infringement of one or more claims of the `926 patent, and/or actively induced others to infringe one or more claims of the `926 patent, in the Southern District of Florida and elsewhere in the United States.

69.     Upon information and belief, during the relevant period, the Holland America Defendants have infringed one or more claims of the `926 patent by using (directly or through intermediaries), in the Southern District of Florida and elsewhere in the United States, ships using infringing systems such as the cruise ship M.S. Oosterdam which uses active retractable

trim tabs. Upon information and belief, the Holland America Defendants have also contributed to the infringement of one or more claims of the `926 patent, and/or actively induced others to infringe one or more claims of the `926 patent, in the Southern District of Florida and elsewhere in the United States.

70.     Defendants have committed the foregoing infringing activities without license from Condatis.

## COUNT III

### (PATENT INFRINGEMENT OF THE '649 PATENT)

71.     Condatis repeats and incorporates the allegations contained in paragraphs 1 through 53 above as if fully set forth herein.

72.     Upon information and belief, during the relevant period, each Navico defendant has infringed one or more claims of the `649 patent by making, using, importing, offering to sell and/or selling (directly or through intermediaries), in the Southern District of Florida and elsewhere in the United States, products including those known as "Sailmath," "Deckman," "WTP" or "Wave Technology Processor," "Hercules," "Hydra" and/or "H1000."  Upon information and belief, Navico has also contributed to the infringement of one or more claims of the `649 patent, and/or actively induced others to infringe one or more claims of the `649 patent, in the Southern District of Florida and elsewhere in the United States.

73.     Upon information and belief, during the relevant period, each Furuno defendant has infringed one or more claims of the `649 patent by making, using, importing, offering to sell and/or selling (directly or through intermediaries), in the Southern District of Florida and elsewhere in the United States, products, including the Navipilot 5000, which employ "fuzzy logic."  Upon information and belief, Furuno has also contributed to the infringement of one or

more claims of the `649 patent, and/or actively induced others to infringe one or more claims of the `649 patent, in the Southern District of Florida and elsewhere in the United States.

74.     Upon information and belief, during the relevant period, Defendant Nexus Marine AB has infringed one or more claims of the `649 patent by importing, offering to sell and/or selling (directly or through intermediaries), in the Southern District of Florida and elsewhere in the United States, products including the NX2 FDX server.  Upon information and belief, Defendant Nexus Marine AB has also contributed to the infringement of one or more claims of the `649 patent, and/or actively induced others to infringe one or more claims of the `649 patent, in the Southern District of Florida and elsewhere in the United States.

75.     Upon information and belief, during the relevant period, Defendant Comnav Marine, Ltd. has infringed one or more claims of the `649 patent by importing, offering to sell and/or selling (directly or through intermediaries), in the Southern District of Florida and elsewhere in the United States, infringing products including the NX2 FDX server.  Upon information and belief, Defendant Comnav Marine, Ltd. has also contributed to the infringement of one or more claims of the `649 patent, and/or actively induced others to infringe one or more claims of the `649 patent, in the Southern District of Florida and elsewhere in the United States.

76.     Upon information and belief, during the relevant period, each of the Yokogawa Defendants has infringed one or more claims of the `649 patent by making, using, importing, offering to sell and/or selling (directly or through intermediaries), in the Southern District of Florida and elsewhere in the United States, products including the product known as the "PT500."  Upon information and belief, each of the Yokogawa Defendants has also contributed to the infringement of one or more claims of the `649 patent, and/or actively induced others to

infringe one or more claims of the `649 patent, in the Southern District of Florida and elsewhere in the United States.

77.     Upon information and belief, during the relevant period, Defendant Expedition Performance Systems, Ltd. has infringed one or more claims of the `649 patent by making, using, importing, offering to sell and/or selling (directly or through intermediaries), in the Southern District of Florida and elsewhere in the United States, products including the product known as the "Expedition."  Upon information and belief, Defendant Expedition Performance Systems, Ltd. has also contributed to the infringement of one or more claims of the `649 patent, and/or actively induced others to infringe one or more claims of the `649 patent, in the Southern District of Florida and elsewhere in the United States.

78.     Upon information and belief, during the relevant period, each of the Samyung Defendants has infringed one or more claims of the `649 patent by making, using, importing, offering to sell and/or selling (directly or through intermediaries), in the Southern District of Florida and elsewhere in the United States, products including the product known as the "SAS-7."  Upon information and belief, each of the Samyung Defendants has also contributed to the infringement of one or more claims of the `649 patent, and/or actively induced others to infringe one or more claims of the `649 patent, in the Southern District of Florida and elsewhere in the United States.

79.     Upon information and belief, during the relevant period, Defendant Atlantic Radio Telephone Inc. has infringed one or more claims of the `649 patent by importing, offering to sell and/or selling (directly or through intermediaries), in the Southern District of Florida and elsewhere in the United States, products that infringe including the product known as the "Furuno Navipilot 5000" and the "NX2 FDX server."  Upon information and belief, Defendant

Atlantic Radio Telephone Inc. has also contributed to the infringement of one or more claims of the `649 patent, and/or actively induced others to infringe one or more claims of the `649 patent, in the Southern District of Florida and elsewhere in the United States.

80.     Upon information and belief, during the relevant period, Defendant McLaughlin Marine Electronics Inc. has infringed one or more claims of the `649 patent by importing, offering to sell and/or selling (directly or through intermediaries), in the Southern District of Florida and elsewhere in the United States, products that infringe including infringing B&G products including one or more of "Deckman," "WTP" or "Wave Technology Processor," "Hercules," "Hydra" and/or "H1000;" the "Furuno Navipilot 5000"  Upon information and belief, Defendant Atlantic Radio Telephone Inc. has also contributed to the infringement of one or more claims of the `649 patent, and/or actively induced others to infringe one or more claims of the `649 patent, in the Southern District of Florida and elsewhere in the United States.

81.     Defendants have committed the foregoing infringing activities without license from Condatis.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Condatis LLC respectfully requests this Court to enter judgment against each of the Defendants and grant Plaintiff Condatis LLC the following relief:

A.     An adjudication that one or more claims of the Patents have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants.

B.     For an order requiring Defendants to account for the sales and profits related to the sale of products that infringe any of the Patents.

C.       For an award, to be determined at trial, of damages adequate to compensate Plaintiff Condatis LLC for Defendants' infringement and Plaintiff Condatis LLC's costs, but in no event less than a reasonable royalty – plus pre-judgment and post-judgment interest – pursuant to 35 U.S.C. § 284.

D.       For such other and further relief as this Court may deem just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Condatis LLC hereby demands a jury trial on all triable issues raised in this action.

Dated:  April 8, 2010

Respectfully submitted,

**WOLKOV LAW**
Counsel for Plaintiff Condatis LLC


By:     _____/s   Sandra K. Wolkov_____
             Sandra K. Wolkov
             Florida Bar No. 0155179
             E-mail: Sandra@wolkovlaw.com
             1200 Brickell Avenue, Suite 1950
             Miami, Florida 33131
             Telephone: (305) 297-1878 (office)
             Telephone: (954) 701-3704 (cell)
             Facsimile: (786) 272-7979
             www.wolkovlaw.com